MATTHEW S. FOY (SBN: 187238)
mfoy@grsm.com
DIANNE J. MECONIS (SBN: 120895)
dmeconis@grsm.com
AGATHA AKERS (SBN: 292293)
aakers@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, California 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
HOMESITE INSURANCE COMPANY
OF THE MIDWEST

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA LEE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HOMESITE INSURANCE COMPANY OF THE MIDWEST, a Wisconsin Corporation; and DOES 1-10,<br><br>Defendants. | Case No. 2:26-cv-03271<br><br>**HOMESITE INSURANCE COMPANY OF THE MIDWEST'S NOTICE OF REMOVAL [28 U.S.C. §§ 1332, 1441(B) (DIVERSITY)]**<br><br>Los Angeles County Superior Court Case No. 26STCV04198<br><br>Complaint Filed: February 9, 2026<br><br><u>Accompanying Document</u>: Declaration of Dianne Meconis |

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

TO THE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(a), 1441(b) and 1446, Defendant Homesite Insurance Company of the Midwest ("Homesite" or "Defendant") hereby removes to this Court the state action described below. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because (1) there is complete diversity of citizenship between Plaintiff Lisa Lee ("Plaintiff") on the one hand, and Defendant, on the other; and (2) the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

1. On February 9, 2026, Plaintiff filed a civil action in the Superior Court of the State of California, County of Los Angeles, entitled *Lisa Lee v. Homesite Insurance Company of the Midwest, and DOES 1-10*, Case No. 26STCV04198 ("the State Court Action"). (Declaration of Dianne Meconis ("Meconis Declaration"), ¶ 3; **Exhibit A**.)

2. This Notice of Removal is timely. Homesite's authorized agent for service of process was first served with a copy of the Summons and Complaint in the State Court Action (the "Complaint") by personal service on February 24, 2026. (Meconis Declaration, ¶ 4; **Exhibit A**.) The 30th day after such service on Homesite is March 26, 2026. Pursuant to the Federal Rules of Civil Procedure, Rule 6, the deadline for removal is March 26, 2026.

3. Homesite filed an Answer in the State Court Action. (Meconis Declaration, ¶ 7 **Exhibit B**.)

4. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Central District of California because this district embraces the place in which the State Court Action has been pending.

**Summary of Plaintiff's Complaint**

5. In summary, Plaintiff alleges that she purchased a homeowners insurance policy from Homesite covering her property located at 15931 Miami Way,

Pacific Palisades, California (the "Property"). Plaintiff alleges that on or about January 7, 2025, the smoke from the Palisades Fire inundated the home, rendering it and personal property unsafe, uninhabitable, and in capable of being restored to pre-loss condition without extensive remediation including removal and replacement of certain porous building materials, consistent with industry standards for post-wildfire smoke contamination. Plaintiff alleges that she made a claim under the homeowners insurance policy issued to her by Homesite (the "Policy") for damage to the Property (the "Claim"). Plaintiff alleges that Homesite did not reasonably adjust the Claim or pay all amounts necessary to return the Property to pre-loss condition. Plaintiff alleges Homesite sought to delay and diminish the Claim. Plaintiff disputes Homesite's coverage decision and demands payment under the Policy on the Claim. Plaintiff asserts claims for relief against Homesite for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing.

**Amount In Controversy Exceeds $75,000**

6. The amount in controversy requirement is determined by the amount of damages involved in the action, and includes general and specific damages, punitive damages and attorneys' fees. *Conrad Assoc. v. Hartford Acc. & Indem. Co.*, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998). If the complaint is silent on the amount of damages claimed, the court may consider facts outside the complaint, including those in the removal petition. *Ives v. Allstate Ins. Co.*, 504 F. Supp. 3d 1095, 1097 (C.D. Cal. 2020). In a dispute over insurance coverage, the amount in controversy is best measured by looking to the underlying claim in the dispute. *Budget Rent-A-Car v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997).

7. In her Complaint, Plaintiff does not specify the amount of damages she is seeking, but states that "the matter in controversy exclusive of interest and costs exceeds the jurisdictional minimum for unlimited civil matters." (Complaint ¶ 5.) The jurisdictional minimum for unlimited civil matters in California is $35,000. (Meconis Decl. ¶ 8.) Plaintiff alleges that Homesite breached the Policy by

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

underpaying structural loss, refusing to properly scope smoke damage, and wrongfully terminating Additional Living Expense benefits. (Complaint ¶ 20.) Plaintiff also alleges that she is entitled to damages for, *inter alia*, incurred attorney fees and other costs, consequential damages and emotional distress, including anxiety, stress, and loss of security arising from prolonged displacement and uncertainty regarding her home, other damages, and punitive damages. (Complaint ¶¶ 27, 28.) The amount in controversy in this action therefore exceeds the $75,000 threshold.

**Complete Diversity Of The Parties Exists**

8. Plaintiff is a citizen of the State of California and resides in Los Angeles County.

9. At the time of the commencement of this action and at present, Homesite was and is a citizen of the State of Wisconsin. Homesite is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business in Boston, Massachusetts. (Meconis Declaration, ¶ 6.) Homesite has not been a citizen of the State of California at any time relevant to this action. (Meconis Declaration, ¶ 6.)

10. WHEREFORE, Homesite respectfully requests that the above-entitled action, now pending in the Superior Court of the State of California for the County of Los Angeles, be removed to the United States District Court for the Central District of California.

Dated: March 26, 2026

GORDON REES SCULLY
MANSUKHANI, LLP

By: */s/ Dianne J. Meconis*
Matthew S. Foy
Dianne J. Meconis
Agatha Akers
Attorneys for Defendant
HOMESITE INSURANCE COMPANY
OF THE MIDWEST